UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TOMOE TASAKA,

                  Plaintiff,

v.

BAYVIEW LOAN SERVICING, LLC AND JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,

                  Defendants.

**MEMORANDUM AND ORDER**

22-CV-2368 (LDH)(SJB)

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

    Tomoe Tasaka ("Plaintiff"), proceeding pro se, brings the instant action against Bayview Loan Servicing, LLC ("Bayview") and JP Morgan Chase Bank, National Association ("JPMC"), (collectively "Defendants"), asserting various claims under state and federal law, including claims for (i) fraud, (ii) violation of the Uniform Commercial Code ("UCC"), (iii) violation of the Truth in Lending Act ("TILA"), and violation of various federal criminal statutes. Defendants move, pursuant to Rules 8(d)(1), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the amended complaint in its entirety.

## BACKGROUND[1]

    On May 7, 2007, Plaintiff entered into a promissory note with a banking corporation, its successors and assigns for $114,187. (*See Taseka v. Bayview Loan Servicing, LLC et al* (17-cv-7235), ("First Action"), Mar. 31, 2022 Mem. and Order at 1, ECF No. 47.) The note was secured by a mortgage on real property located at 7176 State Highway 29, Dolgeville, NY 13329 ("Real

---

[1] The following facts are taken from Plaintiff's complaint and, unless otherwise indicated, are assumed to be true for purpose of the memorandum and order.

Property"). (*Id.* at 2.) Over time, the mortgage was assigned to several other entities, most recently to Defendant JPMC, and each assignment was subsequently recorded. (*Id.*) On October 3, 2013, JPMC initiated foreclosure proceedings in New York State Court, which resulted in the state court granting a default judgment in favor of JPMC. (*Id.*) On March 10, 2016, a Judgment of Foreclosure Sale was entered, and the mortgage was assigned first to the Secretary of Housing and Urban Development and then to Defendant Bayview. (*Id.* at 2–3.)

On December 11, 2017, Plaintiff brought suit in this Court against multiple defendants in the First Action, including JPMC and Bayview to this action, alleging that Defendants improperly and fraudulently claimed an interest in the note and mortgage despite the fact that Plaintiff did not enter into an agreement with them. (*Id.* at 4.) After twice granting Plaintiff leave to file amended complaints, which she filed on July 23, 2018 and on February 3, 2021, the Court dismissed Plaintiff's claims on March 31, 2022. (*Id.* at 20); (ECF Nos. 23, 35.) The Court determined that Plaintiff's claims could not survive because she brought claims under numerous criminal statutes, which do not provide private causes of action, and that Plaintiff's fraud claims failed to comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. (ECF Nos. 23, 35 and 47.)

On April 21, 2022, Plaintiff filed the instant action, which is virtually identical to the complaints filed in the First Action and which were dismissed by this Court.[2]

---

[2] Defendants moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. (Defs.' Mem. at 14.) The Court declined to do so in the First Action, and declines to do so here. In any event, the case is ripe for dismissal.

2

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct.  *Id*.  While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999).  Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, her pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**DISCUSSION**

**I.  Res Judicata**

Defendants argue that Plaintiff's claims are barred under the doctrine of *res judicata* because her claims arise from the same transaction or series of transactions in the First Action.

(Defs.' Mem. Supp. Mot. to Dismiss ("Defs.' Mem.") at 7–10, ECF No. 21.) Defendants are correct.[3]

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. New York City Dept. of Corrections*, 214 F.3d 275, 284–285 (2d Cir. 2000) (internal quotation marks omitted). To prove the defense of *res judicata*, a party must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (internal quotation marks and citation omitted). "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the fact essential the second were present in the first." *Monahan*, 214 F.3d at 285 (internal quotation marks omitted); *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017). Here, the answer to each of the three *res judicata* elements is yes.

*First*, there was a judgment on the merits in the First Action. This Court dismissed Plaintiff's claims in the First Action in their entirety on March 31, 2022. (First Action, Mem. and Order, at 21.) The Court also denied Plaintiff leave to amend the complaint for a fourth time after determining that another opportunity to amend would not cure the deficiencies in her pleading. (*Id.*)

---

[3] Plaintiff filed a document titled "Objection to Michael C. Hughes Declaration," presumably in opposition to Defendants' motions to dismiss. (Pl.'s Mem. in Opp. to Defs.' Mot. to Dismiss ("Pl.'s Opp."), ECF No. 25.) Other than vague references to fraud, the *Rooker-Feldman* doctrine, Articles I and III of the Constitution and the Fourteenth Amendment, Plaintiff failed to respond to Defendants' argument. (*Id.* at 2, 7.)

*Second*, both the First Action and the instant action involve the same parties. (Defs.' Mem. at 10.) In the First Action, there were five defendants: Bayview, JPMC, and three individual defendants, Richard O'Brien, Michael S. Waldron, and James Dimon. (First Action, Second Am. Compl. at 1, ECF No. 35.) In the instant case, all of the parties are the same, save the individual defendants. *Compare* (Compl. at 1), *with* (First Action Second Am. Compl. at 1.) This element is satisfied. *See Talley v. Loancare Servicing, Div. of FNF*, 2018 WL 4185705, at *7, (E.D.N.Y. Aug. 31, 2018) (finding that the *res judicata* doctrine applies where only one defendant from the previous action was the same in the instant action).

*Third*, Plaintiff's claims are nearly identical to the claims Plaintiff raised in the First Action, where she challenges the validity of the assignments, note and mortgage on the Real Property. (Defs.' Mem. at 10.) To start, the complaints in both actions are difficult to discern, as they are replete with quotes from and citations to a variety of state court cases, federal statutes concerning securities fraud, and the Federal Rules of Civil Procedure. (*See generally* First Action, Second Am. Compl.); (Compl.) Nonetheless, at bottom, each complaint alleges that there is no evidence that Defendants "possessed in any manner" Plaintiff's note. (First Action, Second Am. Compl. at 4–7); (Compl. at 3–7.) Plaintiff also alleges that Defendants "never owned [Plaintiff's] note," that Defendants have "brought fraud into the court" because they have "no rights" to Plaintiff's "intangible obligation," and that Defendants "continue to [] claim an interest" in Plaintiff's "intangible obligation." (*Id.*) Plaintiff additionally alleges in each complaint that she hired an "investigator" to both "prove" that Defendants "are not the Holder[s] in [d]ue course of the Original Note and Mortgage," and to "show the fraud the [D]efendant[s] ha[ve] perpetuated." (First Action, Second Am. Compl. at 14–15); (Compl. at 14.) In each complaint, Plaintiff alleges violations of various federal statutes, including Title 18 U.S.C.

5

Sections 241, 242, 337 and 471.  (First Action, Second Am. Compl. at 13); (Compl. at 13.)  In both cases, Plaintiff sought or currently seeks $13,000,000 in relief because Defendants "caused [her] mental distress, due to their fraudulent and negligen[t] actions."  (First Action, Second Am. Compl. at 15); (Compl. at 14.)  Finally, the same claims in this action were also raised in the First Action.

Accordingly, Plaintiff's claims are dismissed under the doctrine of *res judicata*.[4]

## II.  Leave to Amend

The Second Circuit instructs that a district court should not dismiss a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).  Allowing a party to replead claims would be futile where the problems with the causes of action are substantive and would not be cured with better pleading.  *Id*.  Here, an amendment would be futile in light of Plaintiff's now fourth attempt to recycle her previously-dismissed claims from the 2017 First Action, and the Court's dismissal of Plaintiff's current claims on *res judicata* grounds.  *See Weir v. City New York*, 2023 WL 3001136, at *2 (2d Cir. 2023) (affirming district court's dismissal of pro se lawsuit without granting leave to amend at least once because the "allegations in [Plaintiff's] proposed second amended complaint are materially indistinguishable from those in the first amended complaint and thus also factually frivolous.")  Therefore, the Court declines to grant Plaintiff leave to amend.

---

[4] Having determined that Plaintiff's claims are barred under *res judicata*, the Court need not reach Defendants' remaining arguments for dismissal.

6

### III.    Filing Injunction

Defendants separately request that because Plaintiff filed nearly four identical pleadings across two lawsuits in this district, the Court should order that Plaintiff seek judicial permission to file another lawsuit against Defendants based on the same events at issue here. (Defs.' Mem. at 18.) Essentially, Defendants are requesting that the Court issue a filing injunction.

The Second Circuit has held that federal courts have the "inherent authority" to "'impose sanctions against litigants who abuse the judicial process,' and '[t]he filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction.'" *Vassel v. Firststorm Props. 2 LLC*, 750 F. App'x 50, 52 (2d Cir. 2018) (alteration in original) (quoting *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996)). However, prior to imposing a filing injunction against a litigant *sua sponte*, the district court must first provide the litigant with notice and an opportunity to be heard. *See Iwachiw v. New York State Dept. of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (internal quotation marks omitted).

At this time, the Court will not impose a filing injunction. However, the Court warns Plaintiff that if she continues to file similar, future complaints, the Court will require Plaintiff to show cause why she should not first seek leave of Court before filing another pleading against these same Defendants concerning the events at issue in the instant case. *See, e.g.*, *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 488 (E.D.N.Y. 2015) (deciding not to impose a litigation injunction after plaintiffs filed two frivolous federal lawsuits regarding the same subject matter, but warned plaintiffs that if they file similar future complaints against defendants seeking redress for the same events, the Court will require plaintiffs to show cause why they should not first seek leave of the Court to file another complaint before doing so).

7

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's complaint is GRANTED and the complaint is dismissed in its entirety.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
      September 27, 2023  L<small>A</small>SHANN D<small>E</small>ARCY HALL
      United States District Judge